UNITED STATES *v.* HERBST BROTHERS (No. 3983)[1]

United States Court of Customs and Patent Appeals, November 30, 1936

*Joseph R. Jackson*, Assistant Attorney General (*Ralph Folks* and *Richard E. FitzGibbon*, special attorneys, of counsel), for the United States.

*Allan R. Brown* and *Fred J. Carter* for appellee.

[Oral argument October 9, 1936, by Mr. Folks and Mr. Carter]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court holding certain whole mustard seeds dutiable at 2 cents per pound under paragraph 781 of the Tariff Act of 1930, as claimed by the importer, rather than as all other garden and field seeds at 6 cents per pound under paragraph 764 of that act, as assessed by the collector at the port of New York.

---

[1] T. D. 48688.

The pertinent provisions read:

PAR. 764. Other garden and field seeds: * * * all other garden and field seeds not specially provided for, 6 cents per pound: * * *.

PAR. 781. Spices and spice seeds: Cassia, cassia buds, and cassia vera, ground, 5 cents per pound; cloves, ground, 6 cents per pound; clove stems, ground, 5 cents per pound; cinnamon and cinnamon chips, ground, 5 cents per pound; ginger root, not preserved or candied, ground, 5 cents per pound; mace, ground, 8 cents per pound; Bombay, or wild mace, unground, 18 cents per pound; ground, 22 cents per pound; mustard seeds (whole), 2 cents per pound; mustard, ground or prepared in bottles or otherwise, 10 cents per pound; nutmegs, ground, 5 cents per pound; pepper, capsicum or red pepper or cayenne pepper, unground, 5 cents per pound; ground, 8 cents per pound; paprika, ground or unground, 5 cents per pound; black or white pepper, ground, 5 cents per pound; pimento (allspice), ground, 3 cents per pound; sage, unground, 1 cent per pound; ground, 3 cents per pound; curry and curry powder, 5 cents per pound; mixed spices, and spices and spice seeds, not specially provided for, including all herbs or herb leaves in glass or other small packages, for culinary use, 25 per centum ad valorem: * * *.

On the trial below, three witnesses testified for the importer.

The Government submitted no evidence.

In its decision, the trial court, among other things, said:

* * * this mustard seed is not used in any different manner from that to which other mustard seed is applied, all varieties being used both to make condiments and in raising of a pot vegetable known as mustard greens.

It clearly appears from the record that the involved merchandise consists of mustard seeds (whole), and that, although it appears from the record that it is chiefly used for the purpose of growing a so-called "pot vegetable" known as mustard greens, it is also used substantially for the making of a condiment.

In the case of *United States* v. *International Milling Co.*, 16 Ct. Cust. Appls. 176, T. D. 42809, relied upon by counsel for the Government, we held that wild mustard seeds, screened from wheat and other grain and used solely as animal feed, were not dutiable as mustard seeds (whole) under paragraph 779 of the Tariff Act of 1922, as assessed by the collector, but rather as screenings under paragraph 731 of that act, as claimed by the importer.

Under the facts of record, the issues here presented are distinguishable from those presented in that case.

Whether evidence might have been submitted tending to establish that the involved seeds were not of the kind intended by the Congress to be covered by the provisions of paragraph 781, *supra*, we are not advised.

The evidence of record is not very satisfactory, nevertheless, we are unable to hold that the court below reached the wrong conclusion.

The judgment is *affirmed*.